UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAVID A. HOUGH, JR., <br> (#31821-160) <br><br> Petitioner, <br><br> v. <br><br><br> ROBERT L. FARLEY, WARDEN, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO. 4:11 CV 1558 <br><br> JUDGE JAMES S. GWIN <br><br><br><br> MEMORANDUM OF OPINION <br> AND ORDER |

*Pro se* petitioner David A. Hough, Jr. filed the above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate confined to the Federal Satellite Low in Elkton, Ohio ("FSL Elkton"). He challenges the Bureau of Prisons' (BOP) decision to limit his half-way house placement to 90 days.

*Background*

The relevant facts are brief. Petitioner was sentenced by the United States District Court for the Western District of Pennsylvania on July 9, 2007 to serve 60 months in prison for a "non-violent, sex-related violation of Federal law (i.e. sending and receiving child pornography)." (Pet. at 2.) He self-surrendered to F.S.L. Elkton on September 10, 2007.

In preparation for his impending release, Petitioner met with his Case Manager to discuss his eligibility for early release. He advised her that he needed six months placement in a half-way house to secure lodging and find employment. The case manager stated she sympathized with his circumstances, but could not alter the decision to place him in a half-house for more than 90 days.

Petitioner decided to talk with other inmates who were near their release date. From these conversations, he claims he discovered a trend: inmates with non-violent, sex-related violations were receiving no more than 3 months placement in a half-way house. He claims that "[n]early all" other near-release inmates "with sentences roughly equal to his," however, were permitted six months placement in a half-way house. He argues this creates a policy whereby the BOP is unilaterally deciding that sex-related offenders are only entitled to 90 days placement in a half-way house, in violation of 18 U.S.C. §3624(c).

Petitioner started the administrative exhaustion process, through to the stage of a Central Office appeal. Because he is requesting an early release from confinement, he abandoned the administrative process to file his Petition in this Court.

*Jurisdiction*

Any challenge to the "fact or duration" of an inmate's confinement in prison on constitutional grounds is properly raised in a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). In particular, a habeas petition filed pursuant to 28 U.S.C. §2241 must be filed in the district of the petitioner's confinement so that the court may exercise personal jurisdiction over the petitioner's immediate custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his

2

present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").

The present Petition is essentially a challenge to the provisions of the Second Chance Act of 2007 ("the Act"), 42 U.S.C. § 17501, which authorizes the BOP to place an inmate in a community confinement facility to complete his or her sentence. The Act amended 18 U.S.C. § 3624 to read, in part:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). The amendment further directs the BOP to issue regulations implementing the Act to ensure that an inmate's placement in community corrections facilities is 1) consistent with 18 U.S.C. § 3621(b); 2) determined on an individual basis, and 3) "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). Pursuant to 18 U.S.C. § 3621(b), the BOP is required to consider the following factors in placing inmates: 1) the resources of the facility contemplated; 2) the nature and circumstances of the offense; 3) the history and characteristics of the prisoner; 4) any statement by the court that imposed the sentence regarding the purpose behind the sentence or recommendation a specific type of correctional facility; and 5) pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2). Otherwise, the BOP has considerable discretion regarding placement in residential re-entry facilities. *See* 18 U.S.C. § 3621(a) & (b)("Bureau may designate any available penal or correctional facility that meets minimum standards of health and

habitability").

An inmate cannot raise a successful challenge to the BOP's recommended placement unless he or she can demonstrate the BOP's decision was arbitrary, capricious, or an abuse of discretion. Where, as here, there is no allegation the BOP failed to consider the relevant factors promulgated by the Act, such a showing would be difficult to make.

Nonetheless, it is unnecessary for the Court to determine whether the BOP abused its discretion in denying Petitioner's earlier placement in a Community Control Center (C.C.C.) Since the date this action was filed, the Petitioner has been released. *See* http://www.bop.gov/iloc2/LocateInmate.jsp.[1] Under § 2241(c), a writ of habeas corpus "*shall not extend to a prisoner*" unless he is "in custody." The "in custody" requirement is satisfied at the time of the filing of the petition. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) and *Maleng v. Cook*, 490 U.S. 488, 490–491(1989)). In some cases, an inmate who is released while his petition for writ of habeas corpus is pending, still meets the "in custody" requirement, and the petition is not necessarily rendered moot. That exception does not apply to the present Petition.

To avoid mootness, the petition must still present a "case or controversy" under Article III, § 2 of the Constitution. Moreover, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7 (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78, (1990)). The injury must be "an invasion of a legally protected interest which is (a) concrete and

---

[1] A court may take judicial notice of information on the Inmate Locator Service. *Harvey v. Eichenlaub*, No. 06-CV-15375, 2007 WL 2782249, at *1 (E.D. Mich. Sept. 24, 2007).

particularized and (b) 'actual or imminent,' " not conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted). When an event occurs subsequent to the filing of a lawsuit, which deprives a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal. *See Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir.2004).

In the context of a habeas corpus proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973). By virtue of Petitioner's release from prison, Warden Farley can no longer provide the requested relief. Consequently, the Petition is dismissed as moot.

## *Conclusion*

Based on the foregoing, this action is dismissed as **moot.** The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: February 3, 2012                    *s/     James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE